UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-407-S

**JARRETT HAMILTON**                                                                   **PLAINTIFF**

v.

**CITY OF LOUISVILLE**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Jarrett Hamilton's "motion for a stay or hold on any further action by IPL until this federal case is resolved" (DN 6). Defendant filed a response (DN 7), and Plaintiff filed no reply. Upon consideration, the motion will be denied.

**I.**

Plaintiff filed a *pro se* complaint against the City of Louisville, alleging violations of the Fourth, Fifth and Eighth Amendments to the United States Constitution (DN 1). Plaintiff alleges that the "City of Louisville Inspections Permits and Licenses (IPL) has been harrassing and violating the constitutional rights of the occupants of 6408 South Third St. Lou. KY 40214."

In the motion for stay/hold, Plaintiff alleges that a county attorney is maliciously prosecuting him. According to Plaintiff, "I have had zoning IPL, have court dates set up for me and I was not served or told and I was arrested on bench warrants." He reports being arrested on June 9, 2009, and claims that IPL has recorded his telephone conversations without his consent and is using them as evidence. The IPL does "not have any proof that I live at 6408 S. 3rd. St., the property in question." Plaintiff contends, "IPL violates peoples rights by malicious prosecution excessive fines $1000 a day plus jail time. Illegal search and seizure which they did April 08 and June 08."

In response, Defendant reports that Plaintiff "was cited and is being prosecuted by [IPL] for new alleged violations" in *Commonwealth of Kentucky v. Jarret, J. (aka Jerry) Hamilton*, 09-M-003900. According to Defendant, "[t]he claim is that he has violated a local ordinance and a jury trial is set for August 10, 2009." Defendant argues that the Court should refrain from becoming involved in the pending state-court criminal proceeding under the *Younger* abstention doctrine.

## II.

The grant or denial of a preliminary injunctive relief is discretionary with the Court. *See Summit County Democratic Cent. and Executive Comm. v. Blackwell*, 388 F.3d 547, 553 (6th Cir. 2004). The Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the [motion]." *Ne. Ohio Coal. for Homeless and Serv. Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). Here, there has been no showing of a likelihood of success on the merits.

"[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

It is not entirely clear whether Plaintiff is seeking a stay of a local civil enforcement proceeding or a state criminal prosecution, although it appears to the Court that he is seeking a stay of a state-court criminal proceeding related to a misdemeanor charge. Given either situation, however, the *Younger* doctrine applies. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998) ("Although *Younger* arose in the context of a state criminal proceeding, the Supreme Court has extended its principles to civil enforcement actions."); *Thrower v. Jividen*, 232 F. Supp. 2d 793, 796 (N.D. Ohio 2002) ("The *Younger* line of cases requires federal courts to abstain from hearing an action where the exercise of federal jurisdiction would interfere with a pending criminal or civil enforcement action brought by a state or political subdivision in state court.").

The state proceedings are pending, with an impending trial date of August 10, 2009. Important state and local interests are implicated in enforcement of building and housing laws and in adjudication of their alleged violations. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his claims. This Court will, therefore, not interfere with an on-going Kentucky state-court proceeding.

For these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's motion to stay (DN 6) is **DENIED**.

Date: August 7, 2009

                                                  **Charles R. Simpson III, Judge**
                                                  **United States District Court**

cc:    Plaintiff, *pro se*
         Counsel of Record
4414.009