UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JARRETT HAMILTON                                                                       PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:08CV-407-S

CITY OF LOUISVILLE                                                                   DEFENDANT

### MEMORANDUM AND ORDER

Plaintiff Jarrett Hamilton filed a *pro se* complaint in Jefferson Circuit Court against the City of Louisville, alleging violations of the Fourth and Eighth Amendments to the United States Constitution (DN 1). Defendant removed the action to this Court and has now moved the Court to dismiss the action (DN 5). Plaintiff did not file a response. Upon consideration of Defendant's motion and the relevant law, the Court will deny the motion to dismiss.

I.

Plaintiff alleges that the "City of Louisville Inspections Permits and Licenses (IPL) has been harrassing and violating the constitutional rights of the occupants of 6408 South Third St. Lou. KY 40214."

Plaintiff claims that on April 24, 2008, the Department of Solid Waste went to 6408 South Third Street and "took everything outside of the house and on the two porches. They took the lawnmower, rake, gas and can, bicycle dog-house, all the chairs, 50 yr. old metal chair that match the glider, 500 aluminum cans in bags ready to cash in etc." Plaintiff reports that they also destroyed the driveway, broke the front-porch railing, broke the windshield of a car and dented a car. Plaintiff further alleges:

> Supervisor Richmond Booker told me the Mayor was involved with a direct order and Keith Hackett told him to take everthing. This was 2 days before the Derby Mini-Marathon was going to take place on South Third St. I asked for a court

order or papers he did not produce any. LMPD show up and made it clear that I would be arrested if I interfered.

Additionally, claims Plaintiff, on April 24, 2008, an employee of the Office of Inspections and Permits placed "large stickers on 4 cars [that] said to have them in compliance in 7 days." On May 6, 2008, however, the Louisville "Tow Lot came and took all Four cars." Plaintiff advises that "Judith Bischoff's uncle Ed Mattingly owned the house and the cars. He died March 2006 and we could not find the titles to do the up to date plates." Plaintiff further claims that the Tow Lot driver broke into a car that Plaintiff was driving and "went through everything in the car, he took 4 sets of keys with garage and house keys. He also took change and some tools."

Plaintiff asserts that the City of Louisville violates (1) "Amendment IV of the Constitution unreasonable searches and seizures"; (2) "Amendment VI by bringing people in court sometimes every month and you can't confront you accusers"; and (3) Amendment VIII by their excessive fines and malicious prosecution. As relief, Plaintiff seeks compensatory and punitive damages and return of the four cars taken on May 6, 2008.

**II.**

Defendant raises three arguments in support of its request for dismissal: (1) Plaintiff lacks standing to bring the claims; (2) the Defendant is not an entity capable of being sued; and (3) there is no custom or policy identified that caused the alleged constitutional violations (DN 5).

Although not specified by Defendant, the Court construes the motion to dismiss as being brought pursuant to Rule 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the

complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A. Standing**

Defendant argues that for Plaintiff to have standing, he must allege and demonstrate that he has or will be damaged by Metro Government's decision to use garbage trucks and front loaders to scoop up and remove "'everything outside the house and on the porches.'" Defendant contends that Plaintiff has failed to articulate that he was damaged by Defendant's actions.

3

"However well-guided," argues Defendant, "Hamilton does not have the right to plead Ed Mattingly's (deceased) case."

"It is well established . . . that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). "Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Id.* at 154-55. "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). To establish standing, a plaintiff must first demonstrate that he has suffered an "'injury in fact,'" *Whitmore v. Arkansas*, 495 U.S. at 155, and "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. at 499.

Despite Defendant's argument to the contrary, the Court does not find that Plaintiff is trying to plead Ed Mattingly's case. A liberal reading of the complaint leads this Court to conclude that Plaintiff was an occupant of the residence in question and that at least some of Plaintiff's personal property was taken or damaged. Moreover, the Court notes that deceased Ed Mattingly, who according to the complaint died in March 2006, has no rights, in this instance, for Plaintiff to plead. Mattingly's real and personal property necessarily passed to someone else

upon his death. While that person to whom property passed does not appear to be Plaintiff, this does not mean that Plaintiff did not live at that residence or that at least some of the property taken was not his.[1] In liberally construing the complaint in a light most favorable to Plaintiff, the Court cannot find, under the motion-to-dismiss standard, that Plaintiff lacks standing.

### B. Entity subject to suit

Defendant claims that the "City of Louisville" no longer exists because it merged with Jefferson County in 2003 and became "Louisville-Jefferson County Metro Government ('Metro Government')." As a result, argues Defendant, "the City of Louisville does not have a separate legal existence apart from Metro Government and thus, the City of Louisville can not [sic] be independently sued." The cases to which he cites hold that a municipal police department has no separate legal existence apart from the municipality itself. This is not the situation here. Rather, the Louisville Metro Government merely became legal successor to the City of Louisville. This distinction does not warrant dismissal of the complaint. Instead, in liberally construing the complaint, as it must, the Court construes Plaintiff's complaint as being brought against the merged Louisville Metro Government and will direct the Clerk of Court to amend the caption accordingly.

### C. Municipal liability

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*,

---

[1] Plaintiff alleges, for instance, that the Tow Lot driver broke into a car that Plaintiff was driving and took some keys, change and tools.

*Tex.*, 503 U.S. 115, 120 (1992). Defendant does not address the first issue but argues that, as to the second issue, Plaintiff fails to allege a municipal policy or custom. The Court will, therefore, only address the second issue.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Although claimed otherwise by Defendant, the Court finds that Plaintiff has sufficiently alleged a policy or custom on the part of Louisville Metro Government. Plaintiff alleges:

> Supervisor Richmond Booker told me the Mayor was involved with a direct order and Keith Hackett told him to take everthing. This was 2 days before the Derby Mini-Marathon was going to take place on South Third St. I asked for a court order or papers he did not produce any. LMPD show up and made it clear that I would be arrested if I interfered.

In liberally construing the allegations, the Court finds that Plaintiff has sufficiently alleged that the Louisville Metro Government, by order of the Mayor, has a policy or custom of clearing South Third Street by any means necessary prior to the Derby mini-marathon and that this policy or custom caused Plaintiff's injuries.

### IV.

For the reasons set forth more fully above,

**IT IS ORDERED** that Defendant's motion to dismiss (DN 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the Louisville Metro Government, as legal successor to the City of Louisville, is the proper Defendant.

The **Clerk of Court is DIRECTED to amend the caption** to reflect the Louisville Metro Government as the Defendant in this action.

Date: September 8, 2009

                                          **Charles R. Simpson III, Judge**
                                          **United States District Court**

cc:      Plaintiff, *pro se*
          Counsel of Record
4411.005